```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


SHAWN F. COOPER                                 CIVIL ACTION

VERSUS                                          NO. 08-1583

UNITED PARCEL SERVICE, INC., and                SECTION "F"
THE UPS FLEXIBLE BENEFITS PLAN
```

ORDER AND REASONS

Before the Court is the defendant's Motion to Dismiss Plaintiff's Original and Amended and Supplemental Complaint for Failure to State a Claim and/or For More Definite Statement. For the reasons that follow, the motion is DENIED.

**Background**

Mr. Cooper, an African-American, worked for UPS in New Orleans for approximately 17 years. He has sued UPS for employment discrimination due to a disability in violation of the American with Disabilities Act and for race discrimination in violation of the Civil Rights Act.

In support of his disability discrimination claim, Mr. Cooper asserts that in August 2006 he began to experience heat exhaustion, muscle spasms, dizziness, and headaches while on the job. He saw his doctor twice in that month, who recommended a medical leave of absence, and he was diagnosed with post-traumatic stress disorder due to employment stress, heat stroke, and migraine headaches

1

triggered by heat, depression, and anxiety. His doctors recommended that he avoid high heat and high stress situations. Mr. Cooper's doctor released him to work with certain restrictions in January 2007; Cooper claims that his requests for reasonable accommodations were denied by UPS and he was not allowed to return to work in any capacity. He asserts that he is a qualified individual with a disability because he has a physical or mental impairment that substantially impacts one ore more major life activities, including working and cognitive thinking. Further, he contends that he can, with or without accommodations, perform the essential functions of his job.

In support of his race discrimination claim, Mr. Cooper charges that his supervisor asked both him and a white employee to use their personal vehicles to deliver packages. While at times he did so, he asserts at one point both he and the white employee indicated that they did not want to continue to use their personal vehicles to deliver UPS packages. Mr. Cooper contends that in response, he was transferred to a different location that was farther from his home and that his supervisor retaliated against him in other ways;[1] he submits that the supervisor took no adverse

---

[1] In his complaint, the plaintiff uses the word "retaliate" several times. Plaintiff clarifies in his opposition to this motion that he is not asserting an unlawful retaliation claim against UPS, but merely uses this word to emphasize the disparate treatment he received as support for his race discrimination claim.

action against the white employee.

The defendant moves to dismiss the complaint or asks for a more definite statement, claiming that the plaintiff has not fulfilled the pleading requirement of Federal Rule of Evidence 8(b) as interpreted by the United States Supreme Court in Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955 (2007).

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).  To state a claim upon which relief can be granted, Rule 8(b) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct 1955 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most

3

favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, -- U.S. --, 127 S.Ct. 1955, 1974 (2007)).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 127 S.Ct. at 1965 (quotation marks, citations, and footnote omitted).  Additionally, a party may move for a more definite statement if a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

## II.

The Supreme Court in Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002), spoke to the pleading requirement in employment discrimination cases.  The Court held that a complaint need not contain specific facts that would establish a prima facie case of discrimination under the framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Instead, the Court held that all that is required in a complaint is a "short and plain statement of the claim showing that the pleader is entitled to relief" as required

4

by Rule 8(a)(2), providing the defendant with "fair notice" of the plaintiff's basis for relief. Swierkiewicz, 534 U.S. at 508, 514. The Supreme Court's recent holding in Twombly does not alter the requirements articulated in Swierkiewicz. In fact, the Court in Twombly explicitly reaffirmed its holding in Swierkiewicz when it noted that the Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1973-74. It seems the Court's reference to a plausible claim does not differ in substance from what the Court views as a short and plain statement of entitlement to relief.

### III.

#### A. Americans With Disabilities Act

The Americans With Disabilities Act provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). The Act defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." Id. § 12102(2). Finally, a "qualified individual with a

disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." Id. § 12111(8).

The Fifth Circuit has stated that "[t]o prevail on an ADA claim, a plaintiff must prove that (1) he has a 'disability'; (2) he is 'qualified' for the job; and (3) an adverse employment decision was made solely because of his disability." Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1997).  To withstand a motion to dismiss, however, the plaintiff need only allege sufficient facts that, if true, would establish a claim for discrimination.  The plaintiff has done so.

Mr. Cooper alleges in his complaint that he has a physical or mental impairment, namely post-traumatic stress disorder, that substantially limits one or more major life activities, including working and cognitive thinking.  He lists the symptoms of his condition, his doctors' diagnoses, and his doctors' recommendations of restrictions under which he could return to work, specifically, avoiding high heat and high stress situations.  He asserts that he is a qualified individual because he can, with or without reasonable accommodation, perform the essential functions of his job.  He states that he requested accommodations, which were denied by the defendant, and the defendant thereafter did not allow him to return to work in any capacity.  Like the complaint in

Swierkiewicz, which detailed the events leading up to the plaintiff's termination, Cooper highlights specifics - such as his disability, the impact on his life, and his doctors' recommended accommodations. See Swierkiewicz, 534 U.S. at 514. Mr. Cooper has pled sufficient facts to state a claim that "is plausible on its face." See Twombly, 127 S.Ct. at 1974.

Additionally, the allegations of the complaint are sufficiently clear and unambiguous to permit the defendant to "reasonably prepare a response." See Fed. R. Civ. P. 12(e).

### B. Race Discrimination

To establish a prima facie case of discrimination, a plaintiff must show that (1) the plaintiff is a member of a protected class; (2) the plaintiff is qualified for the position; (3) the plaintiff suffered an adverse employment action, and (4) others similarly situated but outside the protected class were treated more favorably. Alvarado v. Texas Rangers, 492 F.3d 605, 612 (5th Cir. 2007). However, a plaintiff need not establish a prima facie case to overcome a motion to dismiss, but only must allege sufficient facts that success on the claim is "plausible." See Swierkiewicz, 534 U.S. at 997; Twombly, 127 S.Ct. at 1974.

At the risk of repetition, the lawsuit asserts that plaintiff is an African-American, was treated differently from a similarly situated white employee, and that he was transferred to a different location, an adverse employment action. The defendant counters

that its employment decision does not qualify as an adverse employment action, and draws attention to a Fifth Circuit case: "[A]n employment action that 'does not affect job duties, compensation or benefits' is not an adverse employment action." Pegram v. Honeywell, Inc., 361 F.3d 272, 282 (5th Cir. 2004) (quoting Banks v. East Baton Rouge Parish Sch. Bd., 320 F.3d 570, 575 (5th Cir. 2003). Indeed, a purely lateral transfer is not always an adverse employment action, unless it is the equivalent of a demotion; then it "qualifies as an adverse employment action." Alvarado, 492 F.3d at 605; Pegram, 361 F.3d at 283 ("[A]n employment transfer may qualify as an adverse employment action if the change makes the job objectively worse.") (internal quotation marks omitted).

The plaintiff alleges that he suffered an adverse employment action by being transferred to a new position in a new location, which was farther away from his home. A strong or weak case, whether the transfer constitutes an adverse employment action must be decided at trial. The plaintiff's allegations are sufficient to put the defendant on notice of the basis of his claim.

Accordingly, the defendant's motion is DENIED.

New Orleans, Louisiana, November 3, 2008.

_____
MARTIN C. FELDMAN
UNITED STATES DISTRICT JUDGE